[908 NYS2d 346]

In the Matter of Andrew McGee (Admitted as Andrew Briscoe McGee), an Attorney, Respondent. Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts, Petitioner.

Second Department, September 28, 2010

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Thomas Graham Amon* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On June 2, 2009, the respondent pleaded guilty in the Criminal Court of the City of New York, Richmond County, to the crimes of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3), and aggravated driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2-a), both misdemeanors. The misdemeanor convictions were for two separate offenses committed on December 16, 2008 and January 26, 2009, respectively. The Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts (hereinafter the Grievance Committee) informed the Court that prior to his sentencing for the misdemeanors, the respondent was re-arrested on July 17, 2009, for driving while intoxicated as a felony, and other related crimes. At the time this Court authorized a disciplinary proceeding for the respondent's misdemeanor convictions, there was not yet any court action with respect to the pending felony indictment.

On March 19, 2010, the respondent pleaded guilty in the Supreme Court, Richmond County, before the Honorable Leonard P. Rienzi, to driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3). Pursuant to Vehicle and Traffic Law § 1193 (1) (c) (ii), that offense constitutes a class D felony in view of his two prior convictions.

The respondent was sentenced on May 26, 2010, to a period of six months of incarceration, and his driver's license was revoked for a period of five years based on the felony conviction.

By virtue of his felony conviction on March 19, 2010, the respondent was automatically disbarred pursuant to Judiciary Law § 90 (4) (a), and ceased to be an attorney by operation of law.

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law is granted to reflect the respondent's automatic disbarment as of March 19, 2010, the date of his felony conviction.

PRUDENTI, P.J., RIVERA, SKELOS, DILLON and CHAMBERS, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Andrew McGee, admitted as Andrew Briscoe McGee,

is disbarred, effective March 19, 2010, and his name is now stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Andrew McGee, admitted as Andrew Briscoe McGee, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Andrew McGee, admitted as Andrew Briscoe McGee, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Andrew McGee, admitted as Andrew Briscoe McGee, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).